UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                   :

CHRISTOPHER CAMPBELL,                     :

                          Petitioner,          :         16-CV-8083 (JMF)

            -v-                                :         MEMORANDUM OPINION
                                                         :                 AND ORDER

BRANDON J. SMITH,                         :

                          Respondent.      :

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/16/2017

JESSE M. FURMAN, United States District Judge:

      Christopher Campbell, a state prisoner proceeding *pro se*, petitions for the writ of habeas corpus pursuant to Title 28, United States Code, Section 2254. (Docket No. 1 ("Petition")). Campbell was convicted in state court, following a jury trial, of one count of second-degree attempted murder, two counts of first-degree assault (one intentional and one reckless), two counts of second-degree criminal possession of a weapon, and one count of first-degree reckless endangerment. Thereafter, he was sentenced to five ten-year determinate terms of imprisonment (one ten-year term for each of the attempted murder, assault, and weapon possession counts) and to an indeterminate term of two-and-one-third to seven years on the reckless endangerment count, all to run concurrently, followed by five years' post-release supervision. (Docket No. 9 ("Answer"), Attachments 9-14 (together, "State Record"), at 170).

      In his Petition, Campbell argues that the state trial court erred by (1) submitting the attempted murder and intentional and reckless assault charges to the jury in the conjunctive; (2) convicting him against the weight of the evidence; and (3) imposing an excessive sentence. (Petition 3, 6-9). For the reasons that follow, the Petition is DENIED.

## BACKGROUND

On the night of December 15, 2011, an argument erupted between two groups of patrons outside a Manhattan nightclub. (Answer 2-3). According to the State, Campbell ran to his car, drove back to the fight, handed his friend a gun, and then shined his car lights into the crowd. (*Id.* at 4-5). The friend began firing into the crowd, eventually hitting a club bouncer once in the back of his right calf. (*Id.* at 5). On April 10, 2014, Campbell was convicted of the offenses described above, including two counts of first-degree assault. *See People v. Campbell*, 34 N.Y.S.3d 26, 27 (N.Y. App. Div.), *leave to appeal denied*, 28 N.Y.3d 927 (2016). One assault charge was prosecuted on a theory of reckless assault; the other was prosecuted on a theory of "transferred intent." *See id.* at 27. On direct appeal, Campbell's counsel argued that the trial court had erroneously submitted the attempted murder and reckless and intentional assault counts to the jury without charging that the counts should be considered in the alternative. (*See* State Record 147-56). Campbell's counsel also argued that Campbell's convictions were against the weight of the evidence because the State had failed to prove the elements of identity and intent. (*See id.* at 156-65). Finally, Campbell's counsel argued that Campbell's sentence was excessive because Campbell had no criminal record before his arrest and had received a harsher sentence than his more culpable co-defendant. (*See id.* at 165-69).

On June 16, 2016, the Appellate Division, First Department, affirmed Campbell's conviction and sentence. The Court held, first, that Campbell's verdict "was not against the weight of the evidence." *Campbell*, 34 N.Y.S.3d at 27. Second, the Court held that Campbell's challenge to the jury instruction was unpreserved because "the only issue litigated was whether the court should submit all the counts, not how it should submit them if it declined to dismiss any." *Id.* (emphasis omitted). In the alternative, the Appellate Division rejected Campbell's jury

instructions claim on the merits, holding that the trial court had "properly submitted the attempted murder and intentional assault counts conjunctively with the depraved indifference assault count" because "defendant acted . . . with separate mental states regarding separate results." *Id.* (citations omitted). Finally, the Court concluded that it "perceive[d] no basis for reducing [Campbell's] sentence." *Id*.

In Campbell's letter brief seeking leave to appeal to the New York Court of Appeals ("Leave Application"), Campbell's counsel presented just one question: whether the intentional and depraved assault charges could be charged in the conjunctive under New York state law. (*See* State Record 249). On August 23, 2016, the New York Court of Appeals denied Campbell's application for leave to appeal. (*See* State Record 263).

## DISCUSSION

As a general matter, the writ of habeas corpus may be granted only if (1) the state court's denial of the petitioner's claim "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States"; (2) the state court's denial of relief "resulted in a decision that . . . involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Cruz v. Superintendent*, No. 13-CV-2414 (JMF), 2016 WL 2745848, at *5-6 (S.D.N.Y. May 11, 2016).

Before a federal court may grant habeas relief to a state prisoner, however, the prisoner must also exhaust his or her state court remedies. *See* 28 U.S.C. § 2254(b)(1); *see also Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014). That means that a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round

of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To do so, the petitioner must present the "essential factual and legal premises of his *federal* constitutional claim to the highest state court capable of reviewing it." *Jackson*, 763 F.3d at 133 (emphasis added) (citation omitted). If the petitioner failed to do so, the federal court must determine whether he or she would be able to return to state court to exhaust the claims. *See id.* If the petitioner cannot do so for procedural reasons, then the unexhausted claim must be deemed "procedurally defaulted," *id.*, and habeas relief is barred unless the petitioner establishes either "cause for the default and prejudice" or that he is "'actually innocent' of the crime for which he was convicted," *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)).

In this case, all three of Campbell's claims — that the trial court erred by (1) submitting the attempted murder and intentional and reckless assault charges to the jury in the conjunctive; (2) convicting him against the weight of the evidence; and (3) imposing an excessive sentence — are procedurally defaulted. That is most obvious with respect to the second and third claims, as Campbell's Leave Application to the New York Court of Appeals failed to raise either claim at all, let alone as a function of federal law. *See, e.g.*, *Davis v. Strack,* 270 F.3d 111, 123 (2d Cir. 2001) (quoting *Blazic v. Henderson,* 900 F.2d 534, 541 (2d Cir. 1990) (noting that a federal court "may not grant habeas relief for a 'mere error of state law'")).[1] Further, under New York procedural rules, Campbell is not entitled to return to state court to exhaust either claim: He took

---

[1] In the "relevant facts" section of his Leave Application, Campbell did note that he had argued on appeal "that the verdict was against the weight of the evidence." (State Record 251). That passing reference, however, did not suffice to fairly present Campbell's weight-of-the-evidence claim to the Court of Appeals. *See Jordan v. Lefevre*, 206 F.3d 196, 198-99 (2d Cir. 2000). And even if it had, that would not have sufficed, as the argument that a conviction is against the weight of the evidence is a creature of state law, which is not cognizable in a federal habeas proceeding. *See, e.g.*, *Garrett v. Perlman*, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006).

his one direct appeal, *see* N.Y. Comp. Codes R. & Regs. tit. 22 § 500.20(a)(2), and state collateral review is unavailable for claims rejected on the merits on appeal (as is the case with Campbell's weight-of-the-evidence claim) or for claims that relate "solely to the validity of the sentence" (as is the case for the excessive-sentence claim), N.Y. Crim. Proc. Law §§ 440.10(2), 440.20(2). Campbell does not even attempt to establish cause for the default, actual prejudice, or actual innocence. It follows that his second and third claims for habeas relief must be and are dismissed.

Campbell's first claim — that the trial court violated his rights by submitting certain charges in the conjunctive rather than alternative (Petition 6) — requires a bit more discussion, if only because he did raise an argument to that effect in his Leave Application. (*See* State Record 249-56). To satisfy the exhaustion requirement for federal habeas purposes, however, a petitioner must have presented his or her claim in a manner that would likely alert the state courts to the federal nature of the claim. *See Jackson*, 763 F.3d at 133; *Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982) (identifying the ways in which a state prisoner can fairly present a federal claim in state court). Here, Campbell failed to do so, as his Leave Application presented the argument exclusively as one of state law. (*See* State Record 249-56). To be sure, Campbell did make passing reference to "federal . . . due process" in the relevant portion of his Appellate Division brief and cite the Fourteenth Amendment to the U.S. Constitution in the corresponding point heading. (State Record 147, 155). In general, however, a federal court must "assume that the [New York] Court of Appeals would construe a petitioner's leave application as abandoning claims that the petitioner had pressed to the Appellate Division below where those claims were not presented to the New York high court for review." *Smith v. Duncan,* 411 F.3d 340, 345 (2d. Cir. 2005) (internal quotation marks omitted). Additionally, a

petitioner must do more than merely make a "general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." *Gray v. Netherland,* 518 U.S. 152, 163 (1996); *see also Smith*, 411 F.3d at 348-50 (holding that the petitioner's state court argument that he was "denied a 'fair trial'" was insufficient to alert the state court to his federal constitutional claims).

Thus, the Court concludes that Campbell's first claim is procedurally defaulted as well. *See, e.g.*, *LeGrand v. Lee*, No. 13-CV-05282 (PKC) (KHP), 2016 WL 7468195, at *8-9 (S.D.N.Y. Dec. 28, 2016) (Report and Recommendation) (concluding, under similar circumstances, that a claim was procedurally defaulted). Again, Campbell does not even attempt to show cause for the default, prejudice, or actual innocence. Nor could he. To the extent that Campbell's claim has a federal constitutional dimension, it sounds in the law of double jeopardy, which "protects against multiple punishments for the same offense." *Illinois v. Vitale*, 447 U.S. 410, 415 (1980). Here, however, Campbell's arguably duplicative sentences were imposed concurrently, so any violation of the prohibition on double punishment had no practical effect. Accordingly, Campbell's first claim must be and is dismissed also.

## CONCLUSION

For the foregoing reasons, Campbell's Petition is DENIED, and the case is DISMISSED. In addition, the Court declines to issue a certificate of appealability, as Campbell has not shown that "with respect to [the] procedural bar, reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002) (internal quotation marks and ellipsis omitted); *see also* 28 U.S.C. § 2253(c); *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28,

United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See, e.g.*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Campbell and to close this case.

SO ORDERED.

Date: November 16, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge